UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER T. BRITTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-cv-00097-JMS-MG |
| | ) |
| WABASH VALLEY CORRECTIONAL FACILITY, HENDERSON, DANIELS, JONES, BUTCHERED, and GOFF, | ) ) ) |
| Defendant. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Christopher Britton is a prisoner currently incarcerated at the Wabash Valley Correctional Facility ("WVCF"). He filed this lawsuit under 42 U.S.C. § 1983 alleging that Defendants WVCF, Henderson (a sergeant at WVCF), and Daniels, Jones, Butchered, and Goff (all officers at WVCF) violated his Eighth Amendment rights by denying him medical care. [Filing No. 2.] Because Mr. Britton is incarcerated, this Court must screen his complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c).

**I.
SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

1

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
### THE COMPLAINT

Mr. Britton's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). He bases his claims on the following allegations.

On January 16, 2024, Mr. Britton was escorted to his cell by Officers Butchered, Jones, and Goff, when Officer Daniels closed the cell door on Mr. Britton, "sandwiching him between the cell door and the wall." [Filing No. 2 at 4.] Mr. Britton suffered a shoulder injury and immediately asked for medical help and for Sgt. Henderson. [Filing No. 2 at 4.] Neither medical help nor Sgt. Henderson went to Mr. Britton, so he pushed the intercom and asked for Officer Daniels's help and asked again for Sgt. Henderson, to no avail. [Filing No. 2 at 4.] During the shift following Mr. Britton's injury, Mr. Britton spoke with non-party Officer Foley, who contacted medical and a non-party Sergeant. [Filing No. 2 at 4.] Mr. Britton was told to fill out a medical request form to obtain medical care and advised that an Offender Injury Report was not filed during the previous shift. [Filing No. 2 at 4.] Mr. Britton "suffered from a severely bruised, severely swollen, and stiff left shoulder." [Filing No. 2 at 4.] He received x-rays eight days later. [Filing No. 2 at 4.]

Mr. Britton sues WVCF, Sgt. Henderson and Officers Daniels, Butchered, Jones, and Goff. [Filing No. 2 at 3.] He seeks relief in the form of a declaratory judgment stating that "[t]he denial

of adequate medical treatment [to his] serious medical needs violated [his] Eighth Amendment [rights]," and seeks monetary damages, punitive damages, and costs. [Filing No. 2 at 5.]

### III.
### DISCUSSION

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Britton has identified the theory he wishes to use—the Eighth Amendment. Where a *pro se* litigant has expressly stated the legal theory that he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). The Court analyzes Mr. Britton's claims only under the theory he has identified.

Applying the screening standard to the factual allegations in the Complaint, certain claims are dismissed while other claims shall proceed as submitted.

### A.     Claim Against WVCF

The Court **DISMISSES** Mr. Britton's claim against WVCF for failure to state a claim upon which relief can be granted. A prison facility is not a suable entity under 42 U.S.C. § 1983 because it is a building, not a person. Civil rights claims brought under § 1983 may be pursued only against persons, and WVCF is a not a person. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[a]s for the defendant prison, . . . a building is not a person capable of being sued under § 1983") (citations omitted), *cert. denied*, 586 U.S. 840 (2018).

### B.     Claim Against Sgt. Henderson

The Court **DISMISSES** Mr. Britton's claim against Sgt. Henderson for failure to state a claim upon which relief can be granted. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649,

657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

    Whether supervisory personnel at a prison are sufficiently involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm. Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right."). In sum, something more than generalized knowledge and inaction is required for personal responsibility.

    At most, Mr. Britton has alleged that he asked for Sgt. Henderson and that no action on Sgt. Henderson's part occurred. It is unclear if Sgt. Henderson was made aware of Mr. Britton's request for her or how her being aware of his request has anything to do with his request for medical care. At best, these allegations suggest that Sgt. Henderson only had generalized

knowledge of Mr. Britton's medical need and failed to act, which is insufficient to establish the personal involvement required to sustain a §1983 claim. *See, e.g.*, *Marberry*, 847 F.3d at 428.

      **C.**      **Claims Against Officers Daniels, Jones, Butchered, and Goff**

Mr. Britton's Eighth Amendment deliberate indifference claims against Officers Daniels, Butchered, Jones, and Goff **SHALL PROCEED**. The Eighth Amendment "requires prisons to provide adequate medical care to prisoners." *Jackson v. Esser*, 105 F.4th 948, 961 (7th Cir. 2024) (citing *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021)). "Because depriving a prisoner of medical care serves no valid penological purpose, deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022) (quotations omitted, citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Riley v. Waterman*, 126 F.4th 1287, 1295 (7th Cir. 2025)).

"To prevail on a deliberate indifference claim, the plaintiff must prove (1) that he had an objectively serious medical condition (2) to which prison officials were 'deliberately, that is subjectively, indifferent.'" *Id.* (quoting *Johnson*, 5 F.4th at 824). An "inexplicable delay in treatment which serves no penological interest" can support an inference of deliberate indifference. *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (noting that "delays are common in the prison setting with limited resources, and whether the length of a delay is tolerable depends on the seriousness of the condition and the ease of providing treatment"). But the requisite standard is not mere negligence—it requires proof that the defendant knew of and disregarded an excessive risk of inmate health or safety or that they were aware of facts suggesting a substantial risk and consciously ignored it. *Jackson*, 105 F.4th at 961 (quotations and citations omitted).

Here, Mr. Britton alleges that he was with Officers Butchered, Jones, and Goff when Officer Daniels shut the door while Mr. Britton was still passing through and immediately asked for medical help to no avail. He also alleges that the incident resulted in a "severely bruised, severely swollen, and stiff left shoulder" and that he received x-rays eight days later. Based on the screening standard above, this is sufficient to state a claim for deliberate indifference against Officers Daniels, Butchered, Jones, and Goff.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Britton believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 19, 2025,** in which to file a motion to reconsider the screening order.

## IV.
### CONCLUSION AND SERVICE OF PROCESS

The following claims are proceeding in this action: Eight Amendment deliberate indifference as to Officers Daniels, Butchered, Jones, and Goff. All other claims have been dismissed. The **CLERK IS DIRECTED** to terminate WVCF and Sgt. Henderson as defendants on the docket.

The **CLERK IS DIRECTED** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Officers Daniels, Butchered, Jones, and Goff in the manner specified by Rule 4(d). Process shall consist of: (1) Mr. Britton's Complaint at Filing No. 2; (2) applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons); and (3) this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Federal Rule of Civil Procedure 12.

Date: 5/22/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**IT IS SO ORDERED.**

**Distribution:**

CHRISTOPHER T. BRITTON
290796
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only


Electronic service to Indiana Department of Correction:
    Officer Daniels
    Officer Butchered
    Officer Jones
    Officer Goff
    (At Wabash Valley Correctional Facility)